George Warren **KLINE**, an infant, by George Kline, his Guardian ad Litem, and George Kline, Plaintiffs,

v.

**GREYSHAW, Inc., Defendant.**

United States District Court
S. D. New York.
May 15, 1956.

Sargent & Sand, New York City, for plaintiffs, Joseph H. Sand, New York City, of counsel.

Harry J. Silber, New York City, for defendant.

DIMOCK, District Judge.

Defendant moves for summary judgment on the ground that the claim of plaintiff for damages for personal injuries has been released by the release of a joint tort-feasor.

An action was brought in the Superior Court of Los Angeles County, California, against the present defendant and other alleged joint tort-feasors. The present defendant was, not served. When the case came on for trial on December 11, 1953, what is known as a minute order was entered as follows:

"Plaintiff moves to amend the complaint to allege that defendant Curly Lewis is also known as Louie Lewis doing business as the Airport Market, to amend the complaint to state a true name of defendant Invincible Sales Corporation is Invincible Manufacturing and Sales Corporation doing business as Invincible Sales Corporation, and to dismiss the complaint as to defendant George Hall; without objection the motions are granted.

"Counsel stipulate that plaintiffs have several judgments as follows: for $1000.00 against the defendant Lewis, for $2500.00 against defendant Harrison and The House of Toys, and for $1200.00 against defendants Kessler and Invincible Corporation jointly, all without costs.

"George Kline and Elda S. Kline are sworn and testify for plaintiffs and plaintiffs' exhibit 1, the depositions of both plaintiffs herein filed July 21, 1953, is admitted into evidence by reference; the Court reads exhibit 1.

"This Court approves the compromise and stipulation for judgment. The Court approves an allocation * * *. The recovery of George Warren Kline is ordered deposited * * *. On payment of the judgments by the several defendants the guardian ad litem is authorized to execute and deliver satisfaction of judgment as to each.

"Findings are waived and counsel for plaintiff is directed to prepare the judgment. The deposit of $36.-00 by plaintiff for jury fees is ordered forfeited."

Evidently no judgment was ever entered but the amounts set forth in the stipulation for judgment were paid.

Thereafter and on March 9, 1954, on consent of all parties who had appeared in the California action, another order was made therein reading as follows:

"The Order heretofore made dismissing the complaint as to the defendant, George Hall, be, and is, hereby vacated; that the minute order of the Court heretofore made on the 11th day of December, 1953, on stipulation of the above named parties, be, and is, hereby vacated and set aside, and the cause be and hereby is put off calendar."

Upon the entry of this order, plaintiffs and the defendants who had made payments entered into an agreement whereby plaintiffs, in consideration of the payments theretofore received, covenanted not to sue those defendants. This agreement contains the recital that the plaintiff as guardian ad litem had been authorized and directed by the Superior Court of California for Los Angeles County to "execute this covenant". There is no other reference in the papers to any such direction.

The present defendant's position is that the stipulation for judgment in the California action, when approved by the court as a compromise and followed by payment of the stipulated amounts, constituted a release of the defendants in the California action which worked a further release of the present defendant. That release, says defendant, could not thereafter be converted into a covenant not to sue so as to revive rights against a joint tort-feasor.

There was however no agreement to release the California defendants. Instead plaintiff said, in effect, "I will consent that this action be terminated by the entry of judgment for $4,700 against you in the agreed proportions if you will consent to the entry thereof." In consenting, defendants asked no release but simply relied on the rule that a judgment in an action against them would bar any other action *against them* on the same claim. See Restatement, Judgments, § 47.

Certainly there was nothing to bar an action against another joint tort-feasor until there was either an entry of judgment or payment. Entry of judgment never took place. Did payment convert what had started out to be a merger of plaintiff's claim against the consenting defendants into a release of that claim? I see no more reason for saying that payment converted it into a release than for saying that it converted it into a covenant not to sue. As a matter of fact it converted it into neither. The arrangement between the parties remained one that contemplated a judgment. The payment was merely anticipatory satisfaction of the expected judgment. When the plan for protecting the consenting defendants by entry of judgment was abandoned it was open to the parties to choose some other method of protection. I see no reason why their choice of a covenant not to sue should be given the effect of a release.

The motion for summary judgment on the ground that a release of joint tort-feasors has released the defendant here is denied.